ATLAS SHIPPING CO. (VINCENZO CUNIBERTI) ET AL. *v.* UNITED STATES

No. 8011.—

Entry No. 782028, etc.

(Decided June 5, 1951)

*Sharretts, Hillis & Paley* (*Howard C. Carter* of counsel) for the plaintiffs.
*David N. Edelstein*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the plaintiffs and the Assistant Attorney General for the United States, that the market value or the price, at the time of exportation to the United States of the merchandise covered by the appeals to reappraisement enumerated on schedule "A" hereto attached and made part hereof, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, plus the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States, was in each instance the appraised value less the amount added in each instance to meet advances made by the Appraiser in similar cases and that there is no higher foreign value.

IT IS FURTHER STIPULATED AND AGREED, that these appeals to reappraisement be submitted on this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such value in each instance was the appraised value less the amount added in each instance to meet advances made by the appraiser in similar cases.

Judgment will be rendered accordingly.